**U.S. Department of Justice**

Civil Division

PMM:CAN:RBezak
D.J. No. 154-23-28

*Washington, DC 20530*

November 13, 2023

The Honorable Jarrett B. Perlow
Office of the Clerk
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *Percipient.ai, Inc. v. United States, CACI, Inc.-Federal*
No. 2023-1970

Dear Clerk Perlow:

Pursuant to Fed. R. App. P. 28(j), defendant-appellee, the United States, respectfully advises the Court of the applicability of *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340 (Fed. Cir. 2008), to questions raised during oral argument in the above-referenced case on November 8, 2023.

During oral argument, the panel asked counsel for the United States about the Court's test for determining whether a protester was an "interested party" under 28 U.S.C. § 1491(b)(1). More specifically, the panel asked whether the Court had applied that test to a case in which the protester invoked the "third prong" of the protest jurisdiction of the United States Court of Federal Claims — that is, where the protester is alleging a "violation of statute or regulation in connection with a procurement or a proposed procurement," 28 U.S.C. § 1491(b)(1). Counsel for the United States could not provide a specific example, and the panel requested that she inform them if she could identify one. *Distributed Solutions* is such a case in which the protester alleged a violation of statute or regulation in connection with a proposed procurement, 539 F.3d at 1345-46, and in determining whether the protester had standing, the Court analyzed whether the protester (1) was an actual or prospective bidder, and (2) had a direct economic interest in the procurement or proposed procurement. 539 F.3d at 1344-45 (citing *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006)); *see also PDS Consultants, Inc. v. United States*, 907 F.3d 1345, 1356 (Fed. Cir. 2018) (finding allegations that agency failed to conduct a Rule of Two analysis an alleged violation of statute in connection with a procurement and applying actual or prospective bidder and direct economic interest requirements).

In addition, the panel asked whether the Court has held that subcontractors generally do not have standing to bring bid protests. Counsel for the United States pointed the Court to pages in the joint appendix identifying cases from the Court of Federal Claims addressing subcontractor standing. Although counsel has identified no case in this Court in which the Court has squarely addressed the question, the Court in *Distributed Solutions* acknowledged (in what is

admittedly likely dicta) that "mere 'disappointed subcontractors'" do not have standing as interested parties. 539 F.3d at 1344 ("There is no question that the contractors here are interested parties and not mere 'disappointed subcontractors' without standing.").

Very truly yours,

/s/ Reta E. Bezak
RETA E. BEZAK
Senior Trial Counsel
Commercial Litigation Branch