# United States Court of Appeals for the Federal Circuit

---

**PERCIPIENT.AI, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, CACI, INC.-FEDERAL,**
*Defendants-Appellees*

---

2023-1970

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00028-EGB, Senior Judge Eric G. Bruggink.

---

**ON PETITION FOR REHEARING EN BANC**

---

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for defendant-appellee United States. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

SAMUEL CHARLES KAPLAN, Boies Schiller Flexner LLP, Washington, DC, filed a response to the petition for plaintiff-appellant. Also represented by HAMISH HUME, ERIC J. MAURER, GINA ALICIA ROSSMAN.

ANNE PERRY, Sheppard Mullin Richter & Hampton LLP, Washington, DC, for defendant-appellee CACI, Inc.-Federal. Also represented by JONATHAN SCOTT ARONIE, TOWNSEND BOURNE, ARIEL DEBIN COLLINSWORTH, LILLIA JO DAMALOUJI.

---

Before MOORE, *Chief Judge*, LOURIE, DYK, PROST, REYNA, TARANTO, CHEN, HUGHES, STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.[1]

PER CURIAM.

**O R D E R**

Appellee, The United States, filed a combined petition for panel rehearing and rehearing en banc. A response to the petition was invited by the court and filed by Appellant Percipient.ai, Inc. ("Percipient"). The petition and response were considered and thereafter referred to the circuit judges in regular active service. A poll was requested and taken, and the court decided that the appeal warrants en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) The combined petition for panel rehearing and rehearing en banc is granted. This case will be reheard en banc under 28 U.S.C. § 46 and Federal Rule of Appellate Procedure 35(a). The court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified, as well as any senior circuit judge who participated in the panel decision and elects to participate as a member of the court en banc, in accordance with the provisions of 28 U.S.C. § 46(c).

---

1 Circuit Judge Newman did not participate.

(2) The panel opinion in *Percipient.ai, Inc., v. United States*, 104 F.4th 839 (Fed. Cir. 2024), is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs, which shall be limited to standing under 28 U.S.C. § 1491(b)(1) and address the following question: Who can be "an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement" under 28 U.S.C. § 1491(b)(1)?

(4) The court will not revisit and does not require additional briefing on the issues of task bar under the Federal Acquisition Streamlining Act of 1994 (FASA), 10 U.S.C. § 3406(f); subject matter jurisdiction under 28 U.S.C. § 1491(b)(1); and timeliness of claims under *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308 (Fed. Cir. 2007).

(5) Percipient's en banc opening brief is due 60 days from the date of this order. The United States' en banc response is due within 45 days of service of Percipient's en banc opening brief, and Percipient's reply brief within 30 days of service of the response brief. The parties may file a supplemental appendix, if necessary to cite additional material, within 7 days after service of the reply brief. The court requires 30 paper copies of all briefs and any appendices provided by the filer within 5 business days from the date of electronic filing of the document. The parties' briefs must comply with Fed. Cir. R. 32(b)(1).

(6) The court invites the views of amicus curiae. Any amicus briefs may be filed without consent and leave of the court. Any amicus brief supporting Percipient's position or supporting neither position must be filed within 14 days after service of Percipient's en banc opening brief. Any amicus brief supporting the United States' position must be filed within 14 days after service of the United States' response brief. Amicus briefs must comply with Fed. Cir. R. 29(b).

(7) This case will be heard en banc on the basis of the briefing ordered herein and oral argument.

(8) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

November 22, 2024
Date

Jarrett B. Perlow
Clerk of Court